By the Court,

Nelson, Ch. J.
Both of the avowries are radically defective in two particulars. They set forth an assignment from the lessor to the plaintiff in error of the rent in arrear, but do not allege that the lease itself or the land was assigned. The transfer was therefore of a mere chose in action, which cannot carry with it the remedy by distress. It is true the first avowry avers that the landlord “ bargained, sold, assigned, transferred and set over unto the' said defendant all the rents remaining unpaid for the said store, &c. with the appurtenances but this does not necessarily or with the certainty required in pleading, import that the lease itself was assigned, and that fact being left equivocal, it must be taken most strongly against the pleader; for it is to be intended that he has stated the case as favorably for himself as possible. The averment was important, and the fact should have been stated directly and positively, and not left to mere inference and argument. At most, the assignment as stated only shows a beneficial interest in the rent, that might enable the defendant to collect it by distress in the name of the landlord—not an interest in the lease that can vest him personally with the power to enforce payment by this summary remedy.
The counsel for the plaintiff in error is mistaken in supposing that the statute, (1 R. S. 739, § 23, 2d ed.) can *477 help him out of the difficulty. That-provides that “the grantees of any demised lands, tenements, rents or other hereditaments, or of the reversion thereof, the assignees of the lessor of any demise, &c. shall have the same remedies by entry, action, distress, &c. for the non-performance of any agreement contained in the lease so assigned, or for the recovery of- any rent, &c. as their" grantor or lessor had- or might have had if such reversion had remained in such lessor or grantor.” This act was taken from the 32 Hen. 8, ch. 34 and 37, and was designed to extend to grantees and assignees of the reversion who were strangers to the lease, and to their ’personal representatives, certain remedies upon the covenants therein that were at least doubtful at common law; but it has no bearing upon the question before us. The “rent” referred to in the statute, is doubtless rent charge, which is regarded for many purposes as real estate, partaking of the nature of the lands upon which they are charged, and for which no remedy by distress existed as of common right. (Brad, on Dist. 15, 32, 34. The People v. Haskins, 7 Wendell, 467.)
The avowries are also defective in not averring that the goods removed from the demised premises, and which were seized for the rent in arrear, were the property of the tenant. The language of the statute is, that “ any goods or chattels of the tenant which shall be carried off from any demised premises, &c. may be seized as a distress for any rent due, &c. Avithin thirty days,” &c. (2 R. S. 413, § 16, 2d ed.) For aught that appears, the goods seized in this case, though removed from the demised premises, may have belonged to the plaintiffs before the removal. The principle upon Avhich the avowries are founded, presupposes a right in laAV to take any goods, no matter to whom they may have belonged, provided they were removed from the premises of the tenant. The very question was otherwise determined in Thornton v. Adams and others, (5 Maulé Sp Selw. 38.) See also Frisbee v. Thayer, (25 Wendell, *478 397.) The pleading must show that they were the goods of the tenant.
Judgment affirmed.(a)

 See Coles & Howe v. Maquand & Freeman, ante, p. 447.